UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL CORPORATION<br>and LIBERTY MUTUAL<br>INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CAUSE NO. 3:04-CV-560 JTM |
| ROSE ACRE FARMS, INC. and<br>DONNA DISQUE, | )<br>)<br>) | |
| Defendants. | ) | |

**ORDER AND OPINION**

On January 27, 2005, Defendant Rose Acre Farms, Inc. ("Rose Acre") filed a motion for change of venue, requesting that this Court transfer this case to the United States District Court for the Southern District of Indiana. For the following reasons, Defendant's motion [Doc. No. 17] is **GRANTED**.

**I.     RELEVANT BACKGROUND**

Defendant Donna Disque, Rose Acre's former employee, filed an action in Jackson County alleging Rose Acre engaged in fraud and conversion.  On August 27, 2004, Plaintiffs filed this declaratory judgment action which arises out of a commercial liability policy and an umbrella excess liability policy issued to Rose Acre by Plaintiffs.  Plaintiffs are seeking a determination regarding their duty to defend and indemnify Rose Acre in connection to the allegations of fraud and conversion.  Although Rose Acre's headquarters are in Seymour, Indiana, Plaintiffs filed this action in this Court because Rose Acre has an egg-producing facility located in Pulaski County, which is within the boundaries of the Northern District of Indiana.

On January 27, 2005, Rose Acre filed a motion to change venue, requesting that this Court transfer this case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).  This Court may rule on Rose Acres' motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.   PRELIMINARY MATTERS

It is important to note that on February 9, 2005, Plaintiffs filed a notice of bankruptcy asserting that they had just received notification that Disque had filed bankruptcy.  While Disque is entitled to an automatic stay of these proceedings pursuant to 11 U.S.C. § 362(a), Seventh Circuit case law has stated that the automatic bankruptcy stay only applies to the debtor, and not to non-bankrupt co-defendants.  Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Co., Inc., 8 F.3d 441, footnote 3 (7th Cir. 1993);  Pitts v. Unarco Industries, Inc., 698 F.3d 313, 314 (7th Cir. 1983).  Thus, even though Disque may be entitled to a stay, this Court must rule on the non-bankrupt co-defendant's motion to change venue.

## III.   ROSE ACRES' MOTION TO CHANGE VENUE

28 U.S.C. § 1404(a) states that:

> for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The facts of this case reveal that this matter could have been brought in the Southern District of Indiana because Rose Acres' headquarters is in Seymour, which is where Disque worked.  Disque is also a resident of Jackson County.  The underlying lawsuit between Disque and Rose Acre is pending in Jackson County.  Furthermore, most of the witnesses and

documents necessary to this case are in Jackson County or Kentucky.  The Northern District of Indiana is only convenient for Plaintiffs' counsel who are located in Lake County.

Weighing these factors, it becomes apparent that it would be more convenient for nearly all of those involved in this action, to have this matter transferred to the Southern District of Indiana.  This Court agrees that in the interest of justice, and for the convenience of all parties, that this matter should be transferred to the Southern District of Indiana.

### IV.  CONCLUSION

For the aforementioned reasons, Rose Acre's motion for change of venue [Doc. No. 17] is **GRANTED**.  This case shall be **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

**SO ORDERED.**

Dated this 14th Day of June, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge